17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In the Matter of the Petition of Alberto Santos JUAN.
Alberto Santos JUAN, Petitioner/Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent/Appellee.
 No. 92-15218.
 United States Court of Appeals, Ninth Circuit.
 Argued Submission Deferred June 17, 1993.
Resubmitted June 30, 1993.
Decided Dec. 10, 1993.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-92-517 MISC-JPV; John P. Vukasin, District Judge Presiding.
 
 
 2
 William May, San Francisco, CA, for appellant/petitioner.
 
 
 3
 Stuart M. Gerson, Asst. Atty. Gen., Civ. Div., Richard M. Evans, Asst. Director, Office of Immigration Litigation, and Ellen Sue Shapiro, Attorney, Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, DC for appellee/respondent.
 
 
 4
 N.D.Cal.
 
 
 5
 AFFIRMED.
 
 
 6
 Before: NORRIS and RYMER, Circuit Judges, and TAYLOR,* District Judge.
 
 
 7
 MEMORANDUM**
 
 
 8
 Alberto Santos Juan appeals the district court's denial of his petition for naturalization based on failure to demonstrate good moral character. The evidence included two prior convictions for crimes involving moral turpitude and perjury at his deportation hearing. We AFFIRM.
 
 
 9
 Relying on Yuen Jung v. Barber, 184 F.2d 491 (9th Cir.1950), appellant argues only present good moral character need be demonstrated--that is, good moral character at the moment the petition is filed.[1] The Service, on the other hand, argues good moral character need be shown for a "reasonable time" before the petition.[2]
 
 
 10
 This interesting legal question need not be resolved here. The record reveals that the naturalization examiner, whose findings were adopted by the district court, determined appellant lacked good moral character for a reasonable time, including the dates of the petition and the hearing. The examiner considered evidence of appellant's character up to the date of the hearing. In effect, it was determined appellant did not have good moral character as of the date of the hearing. The court need not decide which party's construction of the appropriate time period is correct. Both constructions were satisfied.
 
 
 11
 Appellant contends the district court erred in not remanding the matter to the naturalization examiner to receive new evidence of "good character" he claims arose between the naturalization examiner's hearing and the district court's consideration.
 
 
 12
 Appellant would have been entitled to a trial de novo before the district court, at which time any new evidence could have been presented. 8 U.S.C. section 1447; Kovacs v. U.S., 476 F.2d 843, 844 (2nd Cir.1973). But, that is not what appellant requested. There was no legal basis for remand to the naturalization examiner, which could initiate an endless cycle of remands to consider more new character evidence arising after each remand but before the next district court review. Our Supreme Court has cautioned against the abuse of the immigration appeals process: "[I]t is not to permit an indefinite stalling of physical departure in the hope of eventually satisfying legal prerequisites." Immigration and Naturalization Service v. Rios-Pineda, 471 U.S. 444, 449, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1985).
 
 
 13
 The district court did not err in determining appellant's lack of good moral character, or in declining to remand the matter to the naturalization examiner. AFFIRMED.
 
 
 
 *
 Honorable Gary L. Taylor, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's reliance on Yuen-Jung is misplaced. The opinion acknowledges that a determination of present good character requires an inquiry into circumstantially relevant behavior in prior periods. Yuen-Jung at 495
 
 
 [2]
 Having been filed before October 1, 1991, the application in this case is not governed by the Service's current guidance rule in 8 C.F.R. section 329.2(d) requiring the applicant be "for at least one year prior to filing, .. and continues to be, of good moral character ..."